1   ACCESS TECHNOLOGIES SERVICES, INC.
    HANK FALSTAD AIBCA, ICC #0001259
2   AMERICAN INSTITUTE OF BUILDING COMPLIANCE ARCHITECTS™
3   ACCESSIBILITY INSPECTOR/PLANS EXAMINER
    BOARD CERTIFIED ADA ARCHITECT™
4   10225 Button Willow Drive
    Las Vegas, NV 89134-7595
5   Telephone: 702-649-7575

6
    ADA Architect for Plaintiff
7

                    RECEIVED
    ____FILED          ____ENTERED    ____SERVED ON
                        COUNSEL/PARTIES OF RECORD

                    MAY - 3 2021

                    CLERK US DISTRICT COURT
                     DISTRICT OF NEVADA
                BY:_____DEPUTY

8                    IN THE UNITED STATES DISTRICT COURT
                          FOR THE DISTRICT OF NEVADA

9

10  Scott D. Chaffee, an individual         **2:21-cv-00886-JAD-NJK**
    5792 Buell Street
11  Akron, NY 14001
    (716) 542-9718                          )
12  akschaf@aol.com                         )   COMPLAINT FOR DECLARATORY AND
                                            )   INJUNCTIVE RELIEF
13        Plaintiffs                        )
                                            )
14     v.                                   )   [Civil Rights – Alleging Disability-Based
                                            )   Discrimination]
15  The Blackstone Group, L.P.              )
    Stephen A. Schwarzman, Chairman, CEO    )
16  And Co-Founder                          )
    345 Park Avenue Lb4                     )
17  New York, NY 10154                      )

18  And

19  Hilton Worldwide
    Chirstopher J. Nassetta, President and
20  Chief Executive Officer
    7930 Jones Branch Drive, Suite 1100
21  McLean, Virginia 22102

22  And

23  Darwin Miles & Darrel Shelton
    D&D Lodging, LLC
24  Hilton Garden Inn and Regency
    Conference Center
25  360 Regency Park
    O'Fallon, IL 62269
26
    And
27
    Rolf Tweeten, Chairman & CEO
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Alliance Hospitality Mgt., LLC
5811 Glenwood Avenue, #300
Raliegh, NC 27612
Defendants

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**INTRODUCTION**

Hank Falstad, of ACCESS, told the plaintiff that he would take the case and get the buildings and site ADA compliant.

Section 12183① of the ADA of 1990 and the Amendment Act of 2008 are all about accessibility of buildings and sites. Section 12183 is 90% architectural, 5% litigation and 5% judicial. Accessibility of buildings and sites is a component of architecture and has been a part of the practice of architects for 60 years. Section 12205② is how the person with a disability engages the attorney and the Federal Judge and Architect, and the Attorney General in Sections (Subpart E and Section 12117③, and all to help that person with a disability in Section 12188④.

The architect is a major informational resource needed to make the ADA Acts work for that disabled person. I, Hank Falstad, an ADA architect of ACCESS TECHNOLOGIES SERVICES, INC. have been engaged by "Plaintiff," to get the buildings and sites of "Defendants" ADA compliant to Section 12183. I, on behalf of the Plaintiff, am filing this case in Federal Court as the ADA Acts require.

    1.  Section 12205 empowers that person with an ADA disability to get that building and site ADA compliant.

    2.  Section 12205 gives that person with an ADA disability free "Attorney Fees" to get that building and site ADA compliant.

    3.  Section 12205 gives that person with an ADA disability free access to that "Federal Court" so that Federal Judge can order that building and site owner to get that building and site ADA compliant.

    4.  Section 12205 gives that person with an ADA disability free "costs" to get that building and site ADA compliant. That Board Certified ADA Architect™ is a cost that identifies all items and elements of the building and site that are not ADA compliant. That Board Certified ADA Architect will survey the property and site for ADA compliance and the American Institute of Building

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Compliance Architects™ will certify the building and site is ADA compliant.

5.  (a) Subpart E, "Enforcement," requires the Attorney General to litigate.

(b) Section 12117 Enforcement, Powers, remedies and procedures to the Attorney General.

6.  Section 12188 Enforcement enables that person with a disability, "to engage not in a futile gesture."

①AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED          Page 49 of 72

Sec. 12183. New construction and alteration in public accommodation and commercial facilities

②AMERICAN WITH DISABILITIES ACT OF 1990, AS AMENDED          Page 61 of 72

Section 12205. Attorney's fees

In any action or administrative proceedings commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual.

③AMERICANS WITH DISABILITIES ACT OF 1990          Page 61 of 72

Subpart E, "Enforcement," describes the Act's title III enforcement procedures, including private actions, as well as investigations and litigation conducted by the Attorney General. These provisions are based on sections 308 and 310(b) of the Act.

③AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED          Page 23 of 72

Section 12117. Enforcement

(a) Powers, remedies, and procedures

The powers, remedies, and procedures set forth in sections 2000c-4, 2000e-5, 2000e-6,

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

2000e-8, and 2000e-9 of this title shall be the powers, remedies, and procedures this subchapter provides to the Commission, to the Attorney General, or to any person alleging discrimination on the basis of disability in violation of any provision of this chapter, or regulations promulgated under section 12116 of this title, concerning employment.

⊕AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

(A) In general

(1) Availability of remedies and procedures

The remedies and procedures set forth in section 2000a-3(a) of this title are the remedies and procedures this subchapter provides to any person who is being subjected to discrimination on the basis of disability in violation of this subchapter or who has reasonable grounds for believing that such person is about to be subjected to discrimination in violation of section 12183 of this title. Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this subchapter does not intend to comply with its provisions.

**COMPLAINT**

1

2   Plaintiff, Scott D. Chaffee, (hereinafter the "Plaintiff"), through their undersigned architect, hereby

3   files this Complaint and sues, The Blackstone Group, L.P., Stephen A. Schwarzman, Chairman,

4   CEO and Co-Founder 345 Park Avenue Lb4, New York City, NY 10154, and Hilton Worldwide,

5   Christopher J. Nassetta, President and Chief Executive Officer 7930 Jones Branch Drive, Suite

6   1100, McLean, Virginia 22102, and Darwin Miles & Darrel Shelton, D&D Lodging, LLC, and

7   Rolf Tweeten, Chairman & CEO, Alliance Hospitality Mgt., LLC 5811 Gelndwood Avenue #300,

8   Raleigh, NC 27612, dba Hilton Garden Inn and Regency Conference Center, located at 260

9   Regency Park, O'Fallon, IL 62269, (hereinafter, collectively, the "Defendants"), for injunctive

10  relief, architect's fees and litigation expenses (including, but not limited to, court costs and expert

11  fees) pursuant to Title 42 U.S.C. Public Health and Welfare, Chapter 126 – Equal Opportunity for

12  Individuals with Disabilities, Subchapter III – Public accommodations and services operated by

13  private entities starting with 42 U.S.C. §12181, et. seq., ("THE AMERICANS WITH

14  DISABILITIES ACT of 1990 [PL101-336] and the AMERICANS WITH DISABILITIES

15  AMENDMENTS ACT OF 2008 [PL110-325], the "FEDERAL ADA").

## JURISDICTION AND PARTIES

16  1. This is an action for declaratory and injunctive relief pursuant to Title 42 U.S.C. – Public Health

17  and Welfare, Chapter 126 – Equal Opportunity for Individuals with Disabilities, Subchapter III –

18  Public accommodations and services operated by private entities starting with §12181, et. seq.

19  (hereinafter referred to as the "Federal ADA").  This Court has subject matter jurisdiction over this

20  action under 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. §§ 3614(a) and 12188(b)(1)(B); pendent

21  and supplemental jurisdiction is proper under 28 U.S.C. § 1367 and thus, this Court has

22  jurisdiction.

23  2. The remedies provided by the "Federal ADA" suits are brought under the Federal Civil Rights

24  Act 1964.

25  3. Venue is proper in this Court, pursuant to the ADA Amendments Act of 2008 (P.L. 110-325),

26  Section 12118. Enforcement, (a) in general, (1) Availability of remedies and procedures.

27

28

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The remedies and procedures set forth in section 2000a-3(a) of this title are the remedies and procedures this subchapter provides to any person who is being subjected to discrimination on the basis of disability in violation of this subchapter or who has reasonable grounds for believing that such person is about to be subjected to discrimination in violation of section 12183 of this title. Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this subchapter does not intend to comply with its provisions.

All professionals involved in this lawsuit are located in Las Vegas, Nevada; Federal ADA court, the DOJ Attorney General attorney, the American Institute of Building Compliance Architects, and Board Certified ADA Architect.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**PLAINTIFF**

4. On February 7, 2014, the Plaintiff visited and used a handicapped roll-in shower guest room, #332/KIDZDI in the Defendants' Facility known as Hilton Garden Inn and Regency Conference Center, located at 260 Regency Park, O'Fallon, IL 62269, (hereinafter sometimes referred to as "Defendants' Facility" or "Defendants' Property") encountered or had knowledge of the architectural barriers, violations of the "Federal ADA" as further enumerated and alleged in Paragraph 24 below.

Advocate's Statement:

EXHIBIT 1:

February 15, 2014

Scott D. Chaffee
5792 Buell St.
Akron, NY 14001
716-542-9718

Dear Mr. Falstad:

Thank you for your quick response regarding my fall at the Hilton Garden Inn, 360 Regency Park O'Fallon, IL 62269. The Hotel claims they are ADA Compliant however they are not. We went to our assigned room 332. We checked out the roll-in shower only to find no drop down bench or shower wand. The bench was plastic with aluminum legs. My wife immediately went to the front desk to explain that I was a big man 6'1 and 240 pounds and would need a heavier bench. The front desk called for a new bench only to be told that is all they had.

My wife got me on the bench fine and I started to shower and the chair started to collapse slowly. My wife immediately tried to cushion my fall. It completely collapsed with my legs ending up against the wall. She immediately called the front desk for help. They sent up one small man. We told him to get another person for lift assist. The larger man was able to get me into my wheelchair. Thank god I was not hurt. In the meantime the front desk called 911 and they responded to the room to assess me and they saw the condition of the bench. I was fine and needed no medical help.

To answer your question regarding if I'm wheel chair bound. No, I use the wheel chair in the house only when my wife is working. I have fallen too many times. I can walk short distances with a walker under supervision with a gate belt. When we travel we take both wheel chair and walker.

Sincerely

Scott D. Chaffee

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

EXHIBIT 2:

## Hilton Garden Inn
### St. Louis Shiloh/O'Fallon

360 Regency Park • O'Fallon, IL 62269
Phone (618) 624-4499 • Fax (618) 624-5599
Reservations
www.StayHGI.com or 1 877 STAY HGI

Name & Address

CHAFFEE, SCOTT
5792 Buell St.

Akron, NY 14001
US

Room          332/K1DZD1
Arrival Date   2/7/2014   2:52:00PM
Departure Date 2/8/2014   8:25:00AM
Adult/Child    2/0
Room Rate      118.15

RATE PLAN    L-AA

HH#
AL:
CAR:

*Folio*

CONFIRMATION NUMBER : 3113813801

HILTON
HHONORS

2/8/2014    PAGE    1

| DATE | DESCRIPTION | ID | REF. NO | CHARGES | CREDITS | BALANCE |
|------|-------------|-----|---------|---------|---------|---------|
| 2/7/2014 | GUEST ROOM | WARFIELD | 654803 | $113.90 | | |
| 2/7/2014 | RM - CITY TAX | WARFIELD | 654803 | $6.83 | | |
| 2/7/2014 | RM - STATE TAX | WARFIELD | 654803 | $6.83 | | |
| 2/8/2014 | SERVICE RECOVERY: REVENUE | BIKFASY | 654803 | | $113.90 | |
| 2/8/2014 | SERVICE RECOVERY: REVENUE | BIKFASY | 654803 | | $6.83 | |
| 2/8/2014 | SERVICE RECOVERY: REVENUE BALANCE | BIKFASY | 654803 | | $6.83 | $0.00 |

EXPENSE REPORT SUMMARY

| | 02/07/14 | 02/08/14 | STAY TOTAL |
|---|---------|----------|-----------|
| ROOM & TAX | $127.56 | ($127.56) | $0.00 |
| DAILY TOTAL | $127.56 | ($127.56) | $0.00 |

| ACCOUNT NO. | | DATE OF CHARGE | FOLIO NO./CHECK NO. |
|---|---|---|---|
| CARD MEMBER NAME | | AUTHORIZATION 142635 A | INITIAL |
| ESTABLISHMENT NO. & LOCATION | IMT AGREEMENT AGREES TO TRANSMIT TO CARD HOLDER FOR PAYMENT | PURCHASES & SERVICES | |
| | | TAXES | |
| | | TIPS & MISC. | |
| CARD MEMBER'S SIGNATURE | | TOTAL AMOUNT | |
| X | | | |
| SPECIFIC GOODS AND/OR SERVICES PURCHASED ON THIS CARD SHALL NOT BE RESOLD OR RETURNED FOR A CASH REFUND. | | PAYMENT DUE UPON RECEIPT | |

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

5. At the time of Plaintiff's visit to the Defendants' Facility, prior to instituting the instant action, Plaintiff (hereinafter referred to as "Plaintiff") is a resident of the United State of America. Plaintiff suffers from what constitutes a "qualified disability" under the "Federal ADA". Plaintiff has a certain developmental disability which limits the use of the plaintiffs' legs and uses a wheelchair. The Plaintiff personally visited Defendants' Property but was denied full and equal access to and full and equal enjoyment of the facilities within Defendants' Property, which is the subject of this lawsuit.

6. The Plaintiff has visited, used, or attempted to use the property which forms the basis of this lawsuit on, about and between the dates above referenced, and but for the negligent discrimination encountered on the visit, plans to, and intends to, return to the property to avail themselves of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers and discriminatory policies and procedures at the subject property. The barriers to access at the property have endangered safety. Plaintiff is a disabled individual who is currently deterred from patronizing a public accommodation due to Defendants' negligent failure to comply with the "Federal ADA" signed into law in 1990, and so has suffered an actual injury. Plaintiff is threatened with harm in the future because of existing building ADA violations and imminently threatened non-compliance with the "Federal ADA", and so has suffered imminent injury.

**DEFENDANTS**

**EXHIBIT 3:**

**Here's your reservation confirmation**

**Hilton Garden Inn St. Louis Shiloh/O?**
**Fallon**
360 Regency Park Drive | O'Fallon | IL | United
States 62269
T: 1-618-624-4499 | F: 1-618-624-5599

We look forward to seeing you!

Rooms & Suites       |       Dining       |       Amenities & Services       |       Map & Directions

Thank you for booking with us, Scott Chafne

Confirmation: 3113813801          Modify Reservation

| | |
|---|---|
| Arrival: | 07 Feb 2014  3:00 PM |
| Departure: | 11 Feb 2014 12:00 PM |

**Rate Information:**
Rate Type:
   AAA STAY AND SAVE
   Rate per night:      113.90  USD 07 Feb 2014 - 10 Feb 2014
                        120.60  USD 10 Feb 2014 - 11 Feb 2014
Total for Stay per Room:
   Rate            462.30 USD
   Taxes            55.48 USD
   Total           517.78 USD

Total for Stay:      517.78 USD
Includes estimated taxes and service charges. (Gratuities not included.)

Tax:
• 12.00% per room per night

Additional Charges:
• Self parking: 0.00/night

**Room Information:**
Rooms:            1
Clients:          2 Adults
                  Non-Smoking Confirmed
Room Type:        1KNG ACC DLX SUITE RI SHWR
Preferences:      King
Your room type preferences have been submitted with your reservation, and
are subject to hotel availability.
**Rate Information:**
Rate Type:
   AAA STAY AND SAVE
   Rate per night:      113.90  USD 07 Feb 2014 - 10 Feb 2014
                        120.60  USD 10 Feb 2014 - 11 Feb 2014
Total for Stay per Room:
   Rate            462.30 USD
   Taxes            55.48 USD
   Total           517.78 USD

Total for Stay:      517.78 USD
Includes estimated taxes and service charges. (Gratuities not included.)

EARN THOUSANDS
OF BONUS POINTS
WITH THE HHONORS APP
FOR PHONE>

**Learn more>**

**HILTON HHONORS**

**JOIN
HILTON HHONORS**
AND EARN POINTS,
ROOM UPGRADES,
FREE NIGHTS AND MORE.

**Join now>**

EARN UP TO 4X
THE HHONORS POINTS
ON YOUR NEXT STAY.
MORE NIGHTS, MORE POINTS

**Join now>**

**BREAKFAST,
SNACKS
& MORE**
EAT WELL

http://mail.aol.com/38306-111/aol-6/en-us/Suite.aspx                    1/28/2014

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

D&D Lodging Selects Alliance Hospitality to Operate its Hilton Garden Inn in O'Fallon, ...   Page 1 of 3

# Hotel Online

### News for the Hospitality Executive



advertisement

## D&D Lodging Selects Alliance Hospitality to Operate its Hilton Garden Inn in O'Fallon, Illinois



O'Fallon, IL / Raleigh, NC (April 6, 2010) – Alliance Hospitality Management LLC, a leading hotel management company located in Raleigh, NC announced today that Illinois Hotel Developer D&D Lodging has selected Alliance Hospitality to operate its Hilton Garden Inn, their full service hotel and Conference Center.  The hotel, located at 360 Regency Park Drive, O'Fallon, IL 62269 consists of 128 rooms, The Great American Grill restaurant and lounge and is adjacent to the Regency Conference Center. The Regency, southern Illinois's premier banquet and event venue offers over 18,000 square feet of indoor and outdoor meeting, conference, exhibit and banquet space.

Rolf Tweeten, Chairman & CEO of Alliance Hospitality said, "We are extremely pleased the owners of this newly built asset have selected Alliance Hospitality to bring our expertise in operating the Hilton Garden Inn and Regency Conference

#2

http://www.hotel-online.com/News/PR2010_2nd/Apr10_AllianceOFallon.html          2/13/2014

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**Toll Free: 1-866-460-7440**

| home | our hotels | faq | contact us | lookup reservation |

Back to results

# Hilton Garden Inn St. Louis Shiloh/O'Fallon

360 Regency Park Drive, O'Fallon, IL (Map)

**Very Good. 8.6** Based on 42 reviews

from
**$96**
per night

Enter Dates

View Larger Map

### Amenities

Air conditioning

Air conditioning individually controlled in room

Alarm clock

ATM/Cash machine

Child programs

CNN available

Desk with electrical outlet

Exhibition/convention floor

Express check-in

Family plan

Fire safety compliant

Gift/News stand

Grocery shopping service available

Heated guest rooms

Interior corridors

Non-smoking

Non-smoking rooms (generic)

Photocopy center

Public address system

Public area air conditioned

Remote control television

Show all amenities

## Hotel Overview

Just off Interstate 64, within driving distance of St. Louis city centre, this hotel in O'Fallon, Illinois offers guestrooms with free high-speed internet access and an on-site restaurant.Hilton Garden Inn St. Louis Shiloh/O'Fallon features an indoor pool and fitness centre. Guests can also enjoy breakfast and dinner in the hotel's Great American Grill, or a snack from the 24-hour convenience store Guestrooms at the O'Fallon Hilton Garden Inn offer 32-inch flat-screen TVs.

Guests will also appreciate in-room microwaves, mini-refrigerators and coffeemakers. Select rooms boast views of a 6-acre lake with fountains.

## Enter Your Dates

Check in:
Month   Day

Check out:
Month   Day

Rooms:
1

**Check Dates**

## Guest Reviews

**10**   Evelyn scored it 10 out of 10

The room was amazing and the staff was friendly.

No free breakfast.

**10**   Evelyn scored it 10 out of 10

The room was amazing and the staff was friendly.

No free breakfast.

http://www.choosearoom.com/hotels/?hotelID=9024703&TID=sE6sV1BLf|dc&pcrid=247...   2/13/2014

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

7. Defendants may own and/or operate more properties in the United States which are also in violation of the "Federal ADA".

8. The Defendants, which is doing business as Hilton Garden Inn and Regency Conference Center, located at 260 Regency Park, O'Fallon, IL 62269, is authorized to conduct, and is conducting business within the United States.  Upon information and belief, Defendant is the owner, lessee and/or operator of the real property (the "Subject Facility"), and the owner of the improvements where the Subject Facility is located and that the real property shall conform to laws, regulations, codes and ordinances of Federal, State, County, City or any other jurisdiction as each may apply, which is the subject of this action.

9. Defendants own, lease, lease to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, Title 42 U.S.C., Chapter 126, Subchapter III §12181(7)(A), §12182(b)(1)(A)(i) and §12183.  Defendants are responsible for complying with the obligations of the Federal Civil Rights Laws, one of which is the "Federal ADA".  The place of public accommodation that the Defendants own, operate, lease, or lease to and owns or operates Hilton Garden Inn and Regency Conference Center, which is located at 260 Regency Park, O'Fallon, IL 62269.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## SUBJECT PROPERTIES

10. All events giving rise to this lawsuit occurred in a County, State of the United States.  Venue is proper in this ADA Court as the premises are located in the State of the United States and Defendants do business within the State of the United States.

11. Pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343, this ADA Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title 42 U.S.C., Chapter 126, Subchapter III §12181 et seq. See also 28 U.S.C. §2201 and §2202.

## AMERICANS WITH DISABILITIES FACTUAL ALLEGATIONS

**COUNT 1 – VIOLATION OF THE "FEDERAL ADA"**

12. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act of 1990 ("ADA"), Title 42 U.S.C. §12101 et. seq. with an effective date of January 26, 1992, followed by the Americans with Disabilities Amendments Act of 2008 ("ADA") on September 25, 2008, with an effective date of January 1, 2009.

13. Congress found, among other things, that:

(i) now some 70,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

(iii) discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting, and access to public services and public facilities;

(iv) individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1   Title 42 U.S.C., Chapter 126 §12101(a)(1)-(3), (5) and (8).

2   14. Congress explicitly stated that the purpose of the "Federal ADA" was to:

3   (i) provide a clear and comprehensive national mandate for the elimination of
    discrimination against individuals with disabilities;

4

5   (ii) provide clear, strong, consistent, enforceable standards addressing discrimination
    against individuals with disabilities; and,

6

7   (iii) invoke the sweep of congressional authority, including the power to enforce the
    fourteenth amendment and to regulate commerce, in order to address the major areas of
    discrimination faced on a daily basis by people with disabilities.

8   Title 42 U.S.C., Chapter 126 §12101(b)(1)-(4).

9

10  15. Pursuant to Title 42 U.S.C., Chapter 126, Subchapter III §12181(7)(A)(B) and 28 C.F.R.

11  §36.104, Defendants' Property is a place of public accommodation in that it is a public facility

12  which provides building space and other services to the public.

13  16. Pursuant to Title 42 U.S.C., Chapter 126, Subchapter III §12181(7)(A)(B) and 28 C.F.R.

14  §36.104, the building and/or Subject Facility which is the subject of this action is a public

15  accommodation covered by the "Federal ADA" and which must be in compliance therewith.

16  17. The Plaintiff is informed and believes, and therefore alleges that the Subject Facility has begun

17  operations and/or undergone substantial remodeling, repairs and/or alterations since January 26,

18  1990.

19  18. Defendants have discriminated, and continue to discriminate, against the Plaintiff, and others

20  who are similarly situated, by denying full and equal access to, and full and equal enjoyment of,

21  goods, services, facilities, privileges, advantages and/or accommodations at Defendants' Property,

22  in derogation of Title 42 U.S.C., Chapter 126, Subchapter III §12101 et. seq., and as prohibited by

23  Title 42 U.S.C., Chapter 126, Subchapter III §12182 et. seq., and by failing to remove architectural

24  barriers pursuant to Title 42 U.S.C., Chapter 126, Subchapter III §12182(b)(2)(A) et. seq., where

    such removal is readily achievable.

25

26

27

28

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## AMERICANS WITH DISABILITIES ACT CLAIMS

19. The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at Defendants' Property. Prior to the filing of this lawsuit, the Plaintiff visited Defendants' Property and was denied full and safe access to all the benefits, accommodations, and services of the Defendants. Prior to the filing of this lawsuit, the Plaintiff personally visited, used or attempted to use the Defendants' Property, on or about dates above mentioned, with the intention of using and enjoying the Property. When Plaintiff realized that there were violations of the "Federal ADA" at the Property, Plaintiff began perusing and cataloging these violations. Plaintiff visited the property with the desire of enjoying it, and possibly publishing information regarding the quality and the accessibility of Defendants' facilities but was denied full and safe access to the facilities of Defendants' Property, and therefore suffered an injury in fact. In addition, Plaintiff continues to desire to visit Defendants' Property in the future but continues to be injured in that he is unable to and continues to be discriminated against due to the architectural barriers which remain at Defendants' Property, all in violation of the "Federal ADA".

20. The Defendants have discriminated against the individual Plaintiff by negligently denying the Plaintiff access to and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by Title 42 U.S.C., Chapter 126, Subchapter III §12181(7)(A)(B) et seq.

21. The Defendants have discriminated and are continuing to discriminate against the Plaintiff in violation of the "Federal ADA" by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the Defendants' Property has shown that violations exist.

22. Pursuant to the mandates of Title 42 U.S.C., Chapter 126, §12101, the Architectural and Transportation Barriers Compliance Board (Access Board) is the government agency who has the responsibility to write the safe harbor for design and construction to be in compliance with the "Federal ADA" law and published the following:

  (i) ADA Accessibility Guidelines 28 CFR Part 36 (56 FR 35544, July 26, 1991).

(ii)  ADA & ABA Accessibility Guidelines; Final Rule (published in the Federal Register on July 23, 2004, guidelines effective September 21, 2004), hereinafter referred to as "ADAAG".

23. The Defendants' Subject Facility is in violation of Title 42 U.S.C., Chapter 126, Subchapter III §12181 et.seq., the ADA and 28 C.F.R. §36.302 et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific violations, pursuant to the mandates of Title 42 U.S.C., Chapter 126, Subchapter III §12188(a)(b) and §12181 et. seq. the ADA and 36 CFR Parts 1190 and 1191, with an effective date of September 21, 2004.

The American with Disabilities Amendments Act of 2008 P.L. 110-325

Title 42 – The Public Health and Welfare

Chapter 126 – Equal Opportunity for individual with Disabilities

Subchapter III – Public Accommodations and services operated by Private Entities

Section 12182 – Prohibition of discrimination by public accommodations

(a) General Rule

No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

24. Plaintiff has not and is not required under law to list each and every one of the violations of the "Federal ADA" with specificity.  The Ninth Circuit Court of Appeals has held that one visit to a public accommodation and encountering or knowing of barriers in violation of the "Federal ADA", which deter future visits to the public accommodation, confer standing on a plaintiff and the right to conduct a Rule 34 Inspection on the whole of the public areas of the public accommodation.

> In so holding, we agree with <u>Steger v. Franco, Inc.</u>, 228 F.3d 889 (8th Cir.2000), in which the Eighth Circuit held that a blind plaintiff who had only once attempted to enter the defendant's building had standing to bring an ADA challenge. The plaintiff was thwarted in his attempt to gain access to the men's restroom in the building because the signage did not comply with the ADA. Id. at 893-94. Like that plaintiff, Doran has personally

encountered certain barriers that bar his access to Holiday's Paradise store. Further, the <u>Steger</u> court rejected the defendant's argument that the blind plaintiff could challenge the ADA violation only as to the restroom he had attempted to access, stating that **such a "narrow construction" of the ADA would be "not only ... inefficient, but impractical."** Id. See also <u>Parr v. L & L Drive-Inn Restaurant</u>, 96 F.Supp.2d 1065, 1080-81 (D.Haw.2000) ("This court is reluctant to embrace a rule of standing that would allow an alleged wrongdoer to evade the court's jurisdiction so long as he does not injure the same person twice.... Plaintiff should not be required to encounter every barrier seriatim... to obtain effective relief." (internal quotations and citation omitted)). We agree with the Eighth Circuit that Doran need not necessarily have personally encountered all the barriers that bar his access to the Paradise store in order to seek an injunction to remove those barriers. (Emphasis Added). <u>Pickern v. Holiday Quality Foods Inc.</u>, 293 F.3d 1133 (9th Cir., 2002).

25. Defendants have discriminated against the Plaintiff by denying the Plaintiff access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of Title 42 U.S.C., Chapter 126, Subchapter III §12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendants continue to negligently discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of architectural barriers and the absence of auxiliary aids and services.

26. Plaintiff is without adequate remedy without law and is suffering irreparable harm and damages.  Plaintiff has retained the undersigned architect and is entitled to recover architect's costs, and litigation expenses from the Defendants pursuant to Title 42 U.S.C., Chapter 126, Subchapter III §12188(a) and 28 CFR §36.505; and as also listed in Regulation from Title III Section 36.505 which states that courts are authorized to award attorneys' fees, including litigation expenses and costs as provided in Section 12205 of the Act; the architect's fees are costs.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

27. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR §36.304(a); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR §36.402.

28. Notice to Defendant is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

29. Pursuant to Title 42 U.S.C., Chapter 126, Subchapter III §12188(a)(2), this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants to alter The Defendants' Facilities to make those facilities readily accessible and usable to the Plaintiff and all other persons with disabilities as defined by the "Federal ADA"; or by closing the facility until such time as the Defendants cure their violations of the "Federal ADA".

30. To date, the architectural barriers and other violations of the "Federal ADA" still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the "Federal ADA".

31. Pursuant to the "Federal ADA", Title 42 U.S.C., Chapter 126 §12101et seq., and 28 C.F.R. §36.304, the Defendants were required to make the Subject Facility, a place of public accommodation, accessible to persons with disabilities since January 28, 1992. To date, the Defendants have negligently failed to comply with this mandate.

32. The Plaintiff has been obligated to retain undersigned architect for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable architect's costs, litigation expenses, and expenses paid by the Defendants, pursuant to Title 42 U.S.C., Chapter 126, Subchapter III §12205.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

33. Pursuant to Title 42 U.S.C., Chapter 126, Subchapter III §12188(a)(2), this Court is vested with the authority to grant the Plaintiff Injunctive Relief; including an order to alter the subject facilities to make them readily accessible to and usable by individuals with disabilities to the extent required by the "Federal ADA", and closing the subject facilities until the requisite modifications are completed.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff hereby demands judgment against the Defendants and requests the following injunctive and declaratory relief:

A. The Court declares that the Subject Property and Subject Facility owned, operated, leased, controlled, and/or administered by the Defendants is in violation of the "Federal ADA".

B. The Court enter an Order requiring the Defendants to alter their facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by the "Federal ADA"; with in the next 24 months,

C. The Court enter an Order requiring the Defendants within or before the 23 months to certify that the buildings and site are ADA compliant by a Board Certified ADA Architect of the American Institute of Building Compliance Architects.

D. The Court enter an Order pursuant to any legally cognizable Jury Verdict rendered in this case.

E. The Court award reasonable architect's costs

        Costs: From March 2014 through 2020         <u>$25,000.00</u>

        **TOTAL:**         **$25,000.00**
        All costs payable within 7 days in full; copies to attorney general and federal judge.

F. The Court enter an Order directing the Defendant, after the certification that the building and site are ADA compliant, to give the Plaintiff a voucher to return to the property to enjoy the ADA retrofit. Include travel to and from his residence and $500 spending money all at no cost to the Plaintiff.

G. The Court award such other and further relief as it deems necessary, just and proper.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1

### DEMAND FOR JURY TRIAL

2      The Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right.

3

4                                   Respectfully submitted,
                                    ACCESS TECHNOLOGIES SERVICE, INC.
5

6
                                    Date: February 28, 2021
7

8                                   *Hank Falstad*

9                                   Hank Falstad, AIBCA, ICC #0001259
                                    American Institute of Building Compliance Architects™
                                    Accessibility Inspector/Plans Examiner
10                                  Board Certified ADA Architects™
                                    ACCESS Technologies Services, Inc.
11                                  10225 Button Willow Drive
                                    Las Vegas, Nevada 89101
12                                  Phone: (702) 643-7575

13                                  Architect for Plaintiff

14

15

16     ADA/03-ACCESS Advocates/00-Advocates/2021/General/HILTON GARDEN INN-O'FALLON/Complaint/Hilton-O'Fallon_DR02.022821

17

18

19

20

21

22

23

24

25

26

27

28
                                         Page 23
       **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**